UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HALEY MCMILLEN,<br>Plaintiff,<br>v.<br>AMAZON,<br>Defendant. | Case No. 2:26-cv-03723-ART-EJY<br>**ORDER** |

Pending before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint for employment discrimination. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted below. Thus, the Court proceeds to screening Plaintiff's Complaint.

## I. Screening Standard

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation

of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Discussion**

In Plaintiff's Complaint for Employment Discrimination she alleges—in conclusory statements—that her employer failed to accommodate her unidentified disability and subsequent terminated her from employment in violation of the Americans with Disabilities Act ("ADA"). ECF No. 1-1 at 3-4. Though Plaintiff demonstrates exhaustion of her administrative remedies, *id.* at 11, she offers no facts that would allow the Defendant to meaningfully respond to her claims. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). This failure also prevents the Court from screening the Complaint for purposes of determining whether Plaintiff states a claim. *Iqbal*, 556 U.S. at 679.

To state a prima facie discriminatory termination claim under the ADA, Plaintiff must allege facts demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual; and (3) Defendant terminated her because of disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996). Plaintiff must also "allege how [s]he is disabled within the meaning of the ADA." *Tyson v. ACRT Services Incorporated*, Case No. 23-cv-01889-HSG, 2024 WL 69073, at *4 (N.D. Cal. Jan. 5, 2024). To state a failure to accommodate claim, Plaintiff must allege: "(1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability." *Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003). Plaintiff alleges no facts establishing she is disabled within the meaning of the ADA or that she could perform the essential functions of her job had she been reasonably accommodated. Thus, as alleged, Plaintiff fails to state these claims.

In the absence of any facts supporting either a discriminatory termination or a failure to accommodate Plaintiff's Complaint cannot proceed as pleaded; however, leave to amend is granted.

**III. Order**

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint (ECF No. 1-1) on the docket.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint must be filed no later than **December 17, 2026**. The amended complaint must be titled "AMENDED COMPLAINT" and must include all claims Plaintiff seeks to assert. The amended complaint must also contain a short and plain statement of the facts supporting the element of each such claim. The Court cannot refer to Plaintiff's original Complaint when screening an amended complaint to determine if a claim is stated.

IT IS FURTHER ORDERED that failure to file an amended complaint by or before December 17, 2026 will result in a recommendation to dismiss this matter without prejudice, but in its entirety.

DATED this 17th day of November 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE